UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

<table>
<tr><td>RANDY BUCKMASTER,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS LAMB, Secretary of Corrections at Department of Corrections, individual and official capacity; ALEJANDRO REYES, Warden of MDSP at Mike Durfee State Prison, individual and official capacity; and BILL SWANEY,[1] Food Service Aramark Supervisor at Mike Durfee State Prison, individual and official capacity; TAMMY DOYLE, individual and official capacity; AMBER BABUTZKE, Sergeant of Harmon Unit at MDSP, individual and official capacity; STEPHANIE HAMILTON, Health Services Administration at MDSP, individual and official capacity; and RACHEL TYCZ, Head of Nursing at MDSP, individual and official capacity<br><br>Defendants.</td><td>4:26-CV-04092-KES<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AS MOOT</td></tr>
</table>

Plaintiff, Randy Buckmaster, an inmate at Mike Durfee State Prison, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Buckmaster also filed a motion for preliminary injunction alleging he is under risk of imminent

[1] In his complaint, Buckmaster lists this defendant as "Bill Swangy[.]" Docket 1 at 1. The court has updated the caption to reflect the correct spelling. *See* Docket 22 at 1.

harm due to defendants not accommodating his life-threatening food allergy. Docket 5. The court granted Buckmaster's motion for leave to proceed in forma pauperis and screened his complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service in part. Docket 6. In its screening order, the court directed defendants to respond to Buckmaster's motion for preliminary injunction. *Id.* at 29. All defendants have been served, have answered, and have responded to Buckmaster's motion for preliminary injunction. Dockets 8, 9, 12, 20, 22, 25, 28. Buckmaster has not replied to defendants' responses. For the reasons explained below, Buckmaster's motion for preliminary injunction (Docket 5) is denied as moot.

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of preliminary injunctions. Fed. R. Civ. P. 65. When considering a motion for a preliminary injunction, the court applies the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will have on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). The purpose of a preliminary injunction is to preserve the status quo until the court has an opportunity to grant full effective relief. *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 664 (8th Cir. 2022) (internal citation omitted). "Requiring [the defendant] to take affirmative action . . . before th[e] issue has been decided on the merits goes beyond the

purpose of a *preliminary* injunction." *Id.* (brackets and emphasis in original) (internal quotation omitted).

While no single factor is dispositive, the Eighth Circuit has instructed that "[t]he two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204, 206 (8th Cir. 1976) (footnote omitted) (citation omitted). "A preliminary injunction is an extraordinary remedy[,]" *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011), and "[t]he burden of proving that a preliminary injunction should be issued rests entirely with the movant[,]" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (citation omitted). "Moreover, in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (citation modified).

In his motion for preliminary injunction, Buckmaster alleges that he suffered from two additional allergic reactions subsequent to the allergic reaction he alleges in his original complaint, but he does not specify what relief he is seeking. *See* Docket 5. In their response, Lamb, Reyes, Doyle, Babutzke, Hamilton, and Tycz ("DOC defendants") assume Buckmaster seeks a preliminary injunction for the same injunctive relief he requests in his complaint: that his medical charts be changed to reflect his banana allergy,

that he receive timely notice of menu changes, and that his medical records and charts be updated to place him on the MAT Program. Docket 12 at 2; *see also* Docket 1 at 7. This interpretation appears to be consistent with Buckmaster's motion. *See, e.g.,* Docket 5 at 6–7 (when addressing the *Dataphase* factors, Buckmaster alleges that he faces a threat of irreparable harm because every time he has suffered an allergic reaction, "defendants' records fail to show [Buckmaster's] allergic reactions/allergy to bannanas [sic]" (emphasis and brackets in original omitted)).

In this case, it is not necessary to address the *Dataphase* factors at this time because Buckmaster's request for injunctive relief is now moot. In their response, DOC defendants note that the prison informed Buckmaster via an administrative remedy response on July 22, 2026, that the Health Services Administrator "agreed to add a medical diet restriction so Aramark can apply the appropriate diet controls moving forward." Docket 12 at 7 (citing Docket 14-7 at 1). Therefore, DOC defendants contend that because Buckmaster's "request for injunctive relief has been internally responded to prior to service of the present case, the issue is moot and therefore not justiciable in federal court." *Id.* DOC defendants also state that Buckmaster was started on the MAT program on August 18, 2026. *Id.* at 10 (citing Docket 14 ¶ 29).

Because of the change in circumstances after Buckmaster filed his motion for preliminary injunction, the relief he seeks in his motion has already occurred. Thus, this court can no longer grant effective preliminary injunctive relief to Buckmaster, and his motion for preliminary injunction (Docket 5) is

denied without prejudice as moot. *See Arc of Iowa v. Reynolds*, 33 F.4th 1042, 1044–45 (8th Cir. 2022) (per curiam) (vacating preliminary injunction as moot); *Forbes v. Ark. Educ. Television Commc'n Network Found.*, 982 F.2d 289 (8th Cir. 1992) (per curiam) (dismissing as moot appeal involving only question of preliminary injunction when meaningful preliminary injunctive relief is no longer possible).[2]

Buckmaster has also filed a motion to appoint counsel. Docket 17. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, the court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.* At this time, Buckmaster's claims do not appear to be complex, and he is able to investigate the facts and present his claims adequately. The court believes that Buckmaster is capable of pursuing his claims pro se at this phase of litigation, and his motion to appoint counsel, Docket 17, is denied at this time.

[2] Buckmaster also filed a motion for default judgment where he states that his medical records have not been changed to reflect his food allergy. Docket 26 at 3. This motion, dated August 19, 2026, was presumably filed before Buckmaster received DOC defendants' response. *Id.* at 3, 4. If Buckmaster still claims his medical records have not been updated to reflect his food allergy, he can renew his motion for a preliminary injunction and request that defendants produce his medical records so that he can provide the relevant records to the court for review.

Thus, it is ORDERED:

1. That Buckmaster's motion for preliminary injunction (Docket 5) is denied without prejudice as moot.

2. That Buckmaster's motion to appoint counsel (Docket 17) is denied at this time.

Dated September 9, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE