UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY BUCKMASTER,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS LAMB, Secretary of Corrections at Department of Corrections, individual and official capacity; ALEJANDRO REYES, Warden of MDSP at Mike Durfee State Prison, individual and official capacity; and BILL SWANEY, Food Service Aramark Supervisor at Mike Durfee State Prison, individual and official capacity; TAMMY DOYLE, individual and official capacity; AMBER BABUTZKE, Sergeant of Harmon Unit at MDSP, individual and official capacity; STEPHANIE HAMILTON, Health Services Administration at MDSP, individual and official capacity; and RACHEL TYCZ, Head of Nursing at MDSP, individual and official capacity<br><br>Defendants. | 4:26-CV-04092-KES<br><br>ORDER ON PLAINTIFF'S PENDING MOTIONS (DOCKETS 34, 42, 43, 44) |

Plaintiff, Randy Buckmaster, an inmate at Mike Durfee State Prison (MDSP), filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. The court granted Buckmaster's motion for leave to proceed in forma pauperis and screened his complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service in part. Docket 6. The defendants remaining after screening have answered, and the court has issued a Scheduling Order. Dockets 20, 25,

31. The court now considers the motions Buckmaster filed after the court issued a scheduling order. *See* Dockets 34, 42, 43, 44.

**I. Motion for Declaratory Judgment (Docket 34)**

Buckmaster moves for declaratory judgment. Docket 34. Defendants oppose Buckmaster's motion and argue that "Rule 57 does not provide a means for an expedited judgment, as Plaintiff appears to be requesting[.]" Docket 40 at 1; *see also* Docket 41. The court agrees that Buckmaster is not entitled to relief under Rule 57. Buckmaster's motion for declaratory judgment (Docket 34) is denied without prejudice to Buckmaster filing a dispositive motion permitted by the Federal Rules of Civil Procedure as this case proceeds.[1]

After defendants responded to Buckmaster's motion for declaratory judgment, Buckmaster filed a "notice" requesting that the court construe his motion for declaratory judgment as a motion for summary judgment. Docket 46. Buckmaster's request is denied. According to D.S.D. Civ. LR 56.1.A:

> All motions for summary judgment must be accompanied by a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Each material fact must be presented in a separate numbered statement with an appropriate citation to the record in the case.

Buckmaster did not file a statement of undisputed material facts in compliance with LR 56.1.A along with his motion for declaratory judgment or his notice requesting that the court construe his motion for declaratory judgment as a

[1] Buckmaster's motion for declaratory judgment mentions judgment on the pleadings. Docket 34 at 7. In their answers, defendants denied Buckmaster's allegations that his constitutional rights had been violated. *See generally* Dockets 20, 25. Buckmaster is not entitled to judgment on the pleadings. *Am. Zurich Ins. Co. v. Palmer*, 529 F. Supp. 3d 1023, 1027 (D.S.D. 2021).

motion for summary judgment. Thus, Buckmaster's request that the court construe his motion for declaratory judgment as a motion for summary judgment (Docket 46) is denied. If Buckmaster chooses to file a motion for summary judgment, he may do so, but he must file a statement of undisputed material facts that complies with D.S.D. Civ. LR 56.1.A, and he must file a supporting brief containing his legal arguments and authorities in accordance with D.S.D. Civ. LR. 7.1.B.

## II. Motion to Appoint Counsel (Docket 42)

Buckmaster moves for appointment of counsel. Docket 42. The court denied Buckmaster's previous motion for appointment of counsel, finding that he is capable of pursuing his claims pro se at this phase of the litigation. Docket 30 at 5. Buckmaster's renewed motion for appointment of counsel does not demonstrate any change in circumstances at this stage of the litigation that causes the court to question whether Buckmaster is capable of pursuing his claims without counsel. *See generally* Docket 42. Buckmaster suggests that he needs counsel to assist in determining who needs to be deposed if the case proceeds to trial or engaging in settlement negotiations. *Id.* at 2. If the case proceeds beyond the dispositive motion stage, Buckmaster may renew his motion for appointment of counsel and seek leave to conduct depositions prior to trial. Buckmaster has not set forth any specific facts demonstrating that he is unable to obtain information necessary to pursue his claim by serving interrogatories, requests for production, or requests for admission. Buckmaster's filings to date demonstrate that he has identified the key issues

and areas of discovery necessary to pursue his claim. Further, Buckmaster has firsthand, personal knowledge regarding his severe allergy, the steps he took to make defendants aware of the allergy, and how exposure to bananas affected him. It is not clear why Buckmaster needs to gather witness statements or interview witnesses to present this information to the court. For these reasons, Buckmaster's motion for appointment of counsel (Docket 42) is denied.

**III. Motion for Extension of Time to Respond (Docket 43)**

Buckmaster moves for an additional 50 days, up to and including December 20, 2026, to respond to defendants' first set of interrogatories and requests for production of documents. Docket 43. Buckmaster contends that there is good cause to extend his response time because MDSP has limited the daily movements of inmates due to staff shortages. *Id.* at 2–3. As a result, Buckmaster contends his access to another inmate who is assisting him with this matter is limited. *Id.* at 3. Defendants' discovery requests are not part of the record, so the court is unable to assess how much time Buckmaster may reasonably need to respond or whether he, in fact, needs assistance from another inmate to respond. Nevertheless, the court will give Buckmaster the benefit of the doubt and grant his motion for extension of time. Docket 43. Buckmaster's time to respond to defendants' first set of interrogatories and requests for production of documents is extended until **December 20, 2026**.

In his motion to extend, Buckmaster states that he cannot communicate with defendants' counsel by telephone unless defendants' counsel contacts Buckmaster's unit housing coordinator and make arrangements to be added to

Buckmaster's phone list. Docket 43 at 1–2. Buckmaster also references a "standing order to be allowed to call defense counsels [sic] as so needed[.]" *Id.* at 2. If defendants' counsel choose to make arrangements so that Buckmaster may call them, they may do so, but the court denies the request that it issue an order requiring that they do so. Similarly, the court will not issue an order directing or requiring the Department of Corrections to permit Buckmaster to call defendants' counsel.

## IV. Motion to Extend Interrogatory Limit (Docket 44)

The court's scheduling order provides that "[a] maximum of 25 interrogatories and 25 requests for admission by each party to any other will be allowed[.]" Docket 31 ¶ 2. Buckmaster requests that he be permitted to serve 25 interrogatories, 25 requests for production, and 25 requests for admission on each of the seven defendants. Docket 44 at 1. Neither the scheduling order nor Rule 34 limit the number of requests for production that may be served. Further, Buckmaster's motion seems to misinterpret the scheduling order. The scheduling order permits Buckmaster to serve 25 interrogatories and 25 requests for admission on each party to the lawsuit, which includes each of the seven defendants. *See* Docket 31 ¶ 2. Thus, Buckmaster's motion to extend interrogatory limit (Docket 44) is denied as moot.

While the scheduling order may permit Buckmaster to serve 25 interrogatories and 25 requests for admission on each defendant, Buckmaster is cautioned that Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery. *See* Fed. R. Civ. Proc. 26(b)(1). Regardless of the number of

interrogatories and requests for admission Buckmaster is permitted to serve, *every* interrogatory and request for admission must be within the scope of discovery permitted by Rule 26(b)(1). If Buckmaster serves discovery requests that are unduly burdensome or otherwise not within the scope of permissible discovery, defendants may object, and, if appropriate after conferring with Buckmaster to resolve the dispute without court action, defendants may seek a protective order pursuant to Rule 26(c)(1). *See* Fed. R. Civ. Proc. 26(c)(1).

## V. Notice (Docket 45)

Buckmaster filed a "notice to court of defendants [sic] first act(s) of retaliation and/or witness intimidation and/or tampering[.]" Docket 45 (capitalization in original omitted). But Buckmaster requests affirmative relief in his notice: "an order and instructions to defendants to stop their retaliatory acts, actions, and/or harassing behaviors against plaintiff's witnesses Mr. Jeffrey J. Lout and Mr. Justin A. Teel[.]" *Id.* at 7 (capitalization in original omitted). Thus, Buckmaster's notice (Docket 45) is more appropriately construed as a motion. In accordance with D.S.D. Civ. LR 7.1.B, if defendants oppose Buckmaster's motion (Docket 45), defendants must file a responsive brief containing opposing legal arguments and authorities on or before **December 4, 2026**.

## VI. Conclusion

For these reasons, it is ORDERED:

1. That Buckmaster's motion for declaratory judgment (Docket 34) is denied without prejudice to Buckmaster filing a dispositive motion in accordance with the Federal Rules of Civil Procedure.

2. That Buckmaster's request that the court construe his motion for declaratory judgment as a motion for summary judgment (Docket 46) is denied.

3. That Buckmaster's motion for appointment of counsel (Docket 42) is denied.

4. That Buckmaster's motion to extend (Docket 43) is granted. Buckmaster's time to respond to defendants' first set of interrogatories and requests for production of documents is extended until **December 20, 2026**.

5. That Buckmaster's motion to extend interrogatory limit (Docket 44) is denied as moot.

6. That if defendants oppose Buckmaster's request for affirmative relief in Docket 45, which this court construes as a motion, defendants must file a responsive brief containing opposing legal arguments and authorities on or before **December 4, 2026**.

Dated November 24, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE